1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   MIDVALE INDEMNITY COMPANY, a
    Wisconsin corporation,
10

11              Plaintiff,

12         v.

13   THE CPRIDE GROUP, LLC, a Washington
     Limited Liability Company; PRIDE GROUP
14   NW, LLC, a Washington Limited Liability
     Company; CARLENE PRIDE, a Washington
15   Resident; RACHEL K. MCMILLAN, a
     Washington Resident; and CARLENE PRIDE'S
16   MARITAL COMMUNITY,
17
                Defendants.
18

NO.

**COMPLAINT FOR DECLARATORY
JUDGMENT**

19                          **I.       PARTIES**

20         1.      Plaintiff Midvale Indemnity Company ("Midvale") is a Wisconsin corporation

21   with its principal place of business in Madison, Wisconsin.

22         2.      Upon information and belief, The CPride Group, LLC ("CPride") was a

23   Washington limited liability company operating in Seattle, Washington from March 16, 2018 to

24   March 31, 2019.
25

COMPLAINT FOR DECLARATORY JUDGMENT - 1

3.      Upon information and belief, Pride Group NW, LLC ("Pride NW") was a Washington limited liability company operating in Seattle, Washington from August 31, 2018 to August 31, 2019.

4.      CPride, Pride NW, and Pride are referred to hereinafter collectively as the "Underlying Defendants."

5.      Upon information and belief, Rachel K. McMillan (the "Claimant") resides in King County, Washington.

## II.      VENUE AND JURISDICTION

6.      The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

7.      Venue is proper in the Western District pursuant to 28 U.S.C. § 1391(a), (b) as all defendants reside in the Western District and a substantial part of the events giving rise to the claim in occurred in King County, Washington.

## III.      FACTS

### A.      The Underlying Lawsuit

8.      On March 23, 2021, Claimant filed a "Complaint for Damages" against Underlying Defendants captioned as *Rachel K. McMillan v. The CPride Group, LLC et al.*, United States District Court, Western District of Washington Case No. 2:21-cv-00549-BJR (the "Underlying Lawsuit").

9.      On May 8, 2022, Claimant filed her First Amended Complaint (the "Amended Complaint") against CPride, Pride NW, Pride, and Pride's Marital Community. Attached hereto

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

as **Exhibit A** is a copy of the Amended Complaint.

10.    Midvale was not informed of the Underlying Lawsuit or the Amended Complaint until July 14, 2022 when the Amended Complaint was tendered to Midvale.

11.    The Lawsuit alleges that CPride was incorporated in Washington State as a corporation on March 16, 2018, and was so incorporated until March 31, 2019.  The Lawsuit further alleges that Pride NW incorporated in Washington State as a corporation on August 29, 2018, and was so incorporated until August 31, 2019.  It alleges that Pride was the sole owner of CPride and Pride NW during this time period.

12.    Claimant alleges in the Underlying Lawsuit that she was employed as a Transaction Coordinator by "the Defendant" from March 12, 2018 to November 16, 2018.

13.    Claimant alleges that Pride negotiated a contract regarding employment on behalf of CPride on April 17, 2018, and that CPride was her employer.

14.    Claimant alleges that CPride employed her from March 12, 2018 to March 31, 2018 on an hourly basis at $25 per hour, and that on April 17, 2018, Pride on behalf of CPride contracted to pay Claimant $4,200 per month starting April 1, 2018.

15.    Claimant further alleges that CPride contracted to pay Claimant two payments per month of $2,100, one on or before the second of each month and the other on or before the fifteenth of each month.  She also alleges that CPride contracted to pay Claimant a $1,500 bonus for each real estate deal that Pride closed.

16.    Claimant alleges that she was paid her monthly compensation either late or not at all, and that she was not paid certain bonuses, or paid only partial bonuses, pursuant to the Employment Contract.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

17.     Claimant claims that her last day of employment was November 16, 2018, and that on this date, had had not been paid $6,500 owed to her.

18.     She also claims that CPride did not pay Claimant $2,100 for work between November 1, 2018 and November 15, 2018.

19.     Claimant alleges that Pride refused to tender a check for bi-monthly and bonus payments unless Claimant agreed to sign a release, settlement agreement, and/or new employment contract that required her to abandon previously earned wages.

20.     She alleges that Pride told Claimant that she would be terminated if she did not sign the settlement agreement or revised new employment contract.

21.     She further alleges that Pride retaliated against Claimant because she complained that Pride refused to pay for earned bonuses and earned bi-monthly salary and because Pride was withholding her earned bonuses and earned bi-monthly salary as leverage to force Claimant to abandon earned bonuses.

22.     Claimant claims that she worked unpaid overtime.

23.     Claimant claims that CPride failed to keep records of her employment and wages, such as rate of pay, payment amounts, dates and hours of employment, and time and overtime earnings.

24.     She further alleges that CPride told the Washington State Employment Department that CPride employed Claimant as a real estate broker.

25.     Claimant also alleges that CPride failed to post notices regarding employee rights and failed to provide written notice of rate of pay, pay basis, eligibility for overtime, and pay stubs.

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

26.     After her employment ended, Claimant filed for unemployment benefits, and Pride on behalf of CPride opposed her application and told the Employment Security Department that CPride had employed Claimant as an independent contractor, not an employee. The Department denied benefits for that reason.

27.     She alleges that Pride on behalf of CPride withdrew its objection on or about June 25, 2019, after receiving a brief with exhibits from Claimant's counsel, and subsequently mailed a check for $5,000 of the unpaid wages.

28.     Additionally, Claimant claims that during their operation and during her operation, Pride NW and CPride did not have Washington State Workers' Compensation accounts.

29.     Claimant further alleges that Pride made false statements to the Seattle Police Department on November 17, 2018 claiming that Claimant had destroyed Pride's and CPride's property and implying that Claimant stole confidential information from an office computer.

30.     She also alleges that Pride falsely claimed to Claimant's colleague that Claimant had sexually harassed a CPride employee.

31.     The Underlying Lawsuit contains the following causes of action against Underlying Defendants: (1) failure to pay minimum wage; (2) failure to pay contractually-agreed upon salary; (3) failure to pay overtime wages; (4) failure to pay contractually-agreed upon bonuses; (5) failure to pay wages on the application of the doctrine "application of payments" to ongoing wage debt; (6) retaliation for asserting a wage claim; (7) failure to prepare, keep, and provide employees with employee records; (8) failure to post notice of wage rights; (9) employment tax; (10) denial of employment benefits due to treatment of Claimant as independent

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

contractor; (11) wrongful termination; (12) injunction to prevent future retaliation; (13) attorney fees and costs; (14) breach of contract; (15) defamation, invasion of privacy – false light; (16) equitable relief; (17) tax gross up; (18) interest; and (19) other relief as the court deems appropriate.

**B.**     **The Midvale Policy**

32.     Midvale issued a Businessowner's Policy No. BPP1020498 for the period of March 13, 2018 through March 13, 2019 (the "Policy").  Attached as **Exhibit B** is a copy of the Policy.

33.     The Policy has a named insured of "The Pride Group," who is not named in the Underlying Lawsuit.

34.     There are no other named insured identified in the Policy.

35.     The Policy provides business liability coverage according to its terms and conditions with limits of coverage up to $1,000,0000 per occurrence and $2,000,000 in annual aggregate.

36.     The business liability coverage portion of the Policy is contained in form BP 00 03 07 13, which provides in relevant part:

> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
> **1. Business Liability**
>
>> **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against

COMPLAINT FOR DECLARATORY JUDGMENT - 6

any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension – Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period;

[…]

**f. Coverage Extension – Supplementary Payments**

**(1)** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

**(a)** All expenses we incur.

[…]

**(e)** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**(f)** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**(g)** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the limit of liability.

[…]

37. Additionally, the Policy contains certain exclusions to liability coverages, which are also contained in form BP 00 03 07 12, which provides in relevant part:

**B. Exclusions**

**1. Applicable To Business Liability Coverage**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

"property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[…]

### d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

### e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

[…]

COMPLAINT FOR DECLARATORY JUDGMENT - 9

p. **Personal And Advertising Injury**

"Personal and advertising injury":

(**1**) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

(**2**) Arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity;

(**3**) Arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period;

(**4**) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

(**5**) Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement";

(**6**) Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement";

(**7**) Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

(**8**) Committed by an insured whose business is:

(**a**) Advertising, broadcasting, publishing or telecasting;

(**b**) Designing or determining content of web sites for others; or

(**c**) An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs **14.a.**, **b.** and **c.** of "personal and advertising injury" under Paragraph **F.** Liability And Medical Expenses Definitions.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, by itself, is not considered the business of advertising, broadcasting, publishing or telecasting;

**(9)** Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time;

**(10)** With respect to any loss, cost or expense arising out of any:

**(a)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants";

**(11)** Arising out of an electronic chatroom or bulletin board the insured hosts, owns or over which the insured exercises control;

**(12)** Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan;

**(13)** Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

[…]

38.     The Policy contains an endorsement, Form BP 01 06 03 15, that amends the above exclusions as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**B. Section II – Liability** is amended as follows:

    **1.** Paragraph **B.1.e. Employer's Liability** Exclusion applies only to "bodily injury" to "employees" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

    With respect to "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Paragraph **B.1.e. Employer's Liability** is replaced by the following:

    **e. Employer's Liability**

    **(1)** "Bodily injury" to an "employee" of the insured arising out of and in the course of:

        **(a)** Employment by the insured; or

        **(b)** Performing duties related to the conduct of the insured's business.

    **(2)** Any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

[…]

39. The Policy contains an additional endorsement, Form BP 04 60 01 10, which adds to the above exclusions as follows:

    The following exclusion is added to Paragraph **B.1. Exclusions – Applicable To Business Liability Coverage in Section II – Liability**:

    This insurance does not apply to "bodily injury" or "personal and advertising injury" to:

    **(1)** A person arising out of any:

        **(a)** Refusal to employ that person;

        **(b)** Termination of that person's employment; or

        **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation,

COMPLAINT FOR DECLARATORY JUDGMENT - 12

> reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

> **(i)** Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;
>
> **(ii)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(iii)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

However, Paragraphs **(1)(a)** and **(2)** of this exclusion do not apply if such "bodily injury" is sustained by any "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

[…]

40.     The Policy contains the following provision, in relevant part, regarding who qualifies as an insured:

**C. Who Is An Insured**

> **1.** If you are designated in the Declarations as:
>
> [...]
>
> **b.** A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.
>
> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[…]

41. The Policy contains definitions of certain relevant terms as follows:

**F. Liability And Medical Expenses Definitions**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

[…]

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

[…]

**9.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in Paragraph **(2)** above and supervisory, inspection or engineering services.

[…]

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[…]

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CDROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

[…]

42.   The Policy contains the following provision regarding limits of insurance:

**D. Liability And Medical Expenses Limits Of Insurance**

**1.** The Limits of Insurance of Section **II** – Liability shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The most we will pay for the sum of all damages because of all:

**a.** "Bodily injury", "property damage" and medical expenses arising out of any one "occurrence"; and

**b.** "Personal and advertising injury" sustained by any one person or organization;

is the Liability and Medical Expenses limit shown in the Declarations. But the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations.

**3.** The most we will pay under Business Liability Coverage for damages because of "property damage" to a premises while rented to you or in the case of fire while rented to you or temporarily occupied by you with permission of the owner is the applicable Damage To Premises Rented To You limit shown for that premises in the Declarations. For a premises temporarily occupied by you, the applicable limit will be the highest Damage To Premises Rented To You limit shown in the Declarations.

**4. Aggregate Limits**

The most we will pay for:

**a.** All "bodily injury" and "property damage" that is included in the "products-completed operations hazard" is twice the Liability and Medical Expenses limit.

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**b.** All:

    **(1)** "Bodily injury" and "property damage" except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard";

    **(2)** Plus medical expenses;

    **(3)** Plus all "personal and advertising injury" caused by offenses committed; is twice the Liability and Medical Expenses limit.

Subject to Paragraph **a.** or **b.** above, whichever applies, the Damage To Premises Rented To You limit is the most we will pay for damages because of "property damage" to any one premises, while rented to you, or in the case of fire, while rented to you or temporarily  occupied by you with permission of the owner.

The Limits of Insurance of Section **II** – Liability apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

    43.    The Policy also contains another endorsement, form BP 06 74 07 13, which provides Stop Gap – Employer's Liability Coverage, and amends the Policy as follows:

**Section II – Liability** is amended as follows:

**A. Coverage – Stop Gap – Employer's Liability**

    **1. Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated by Washington law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion,

COMPLAINT FOR DECLARATORY JUDGMENT - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

investigate any accident and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in paragraph **D.** Liability And Medical Expenses Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under this coverage.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

**(1)** The:

**(a)** "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

**(b)** "Bodily injury by accident" or "bodily injury by disease" arises out of and in the course of the injured "employee's" employment by you; and

**(c)** "Employee", at the time of the injury, was covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington; and

**(2)** The:

**(a)** "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

**(b)** "Bodily injury by disease" is caused by or aggravated by conditions of employment by you, and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

**c.** The damages we will pay, where recovery is permitted by law, include damages:

**(1)** For:

COMPLAINT FOR DECLARATORY JUDGMENT - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**(a)** Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

**(b)** Care and loss of services; and

**(c)** Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" that arises out of and in the course of the injured "employee's" employment by you; and

**(2)** Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**2.** Exclusions Applicable To Stop Gap – Employer's Liability Coverage

This insurance does not apply to:

**a. Intentional Injury**

"Bodily injury by accident" or "bodily injury by disease" intentionally caused or aggravated by you, or "bodily injury by accident" or "bodily injury by disease" resulting from an act which is determined to have been committed by you if it is reasonable to believe that an injury is substantially certain to occur.

[…]

**b. Fines Or Penalties**

Any assessment, penalty or fine levied by any regulatory inspection agency or authority.

**c. Statutory Obligations**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

COMPLAINT FOR DECLARATORY JUDGMENT - 20

**d. Contractual Liability**

Liability assumed by you under any contract or agreement.

**e. Violation Of Law**

"Bodily injury by accident" or "bodily injury by disease" suffered or caused by any employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers".

**f. Termination, Coercion Or Discrimination**

Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

**g. Failure To Comply With Workers' Compensation Law**

"Bodily injury by accident" or "bodily injury by disease" to an "employee" when you are:

**(1)** Deprived of common law defenses; or

**(2)** Otherwise subject to penalty;

because of your failure to secure your obligations or other failure to comply with any "workers' compensation law".

[…]

**i. Federal Laws**

Any premium, assessment, penalty, fine, benefit, liability or other obligation imposed by or granted pursuant to:

(1) The Federal Employer's Liability Act (45 USC Sections 51-60);

(2) The Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

COMPLAINT FOR DECLARATORY JUDGMENT - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

(3) The Longshore and Harbor Workers' Compensation Act (33 USC Sections 910-950);

(4) The Outer Continental Shelf Lands Act (43 USC Sections 1331-1356);

(5) The Defense Base Act (42 USC Sections 1651-1654);

(6) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

(7) The Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872);

(8) Any other workers' compensation, unemployment compensation or disability laws or any similar law; or

(9) Any subsequent amendments to the laws listed above.

**j.  Punitive Damages**

Multiple, exemplary or punitive damages.

[…]

**C.** For the purposes of this endorsement, **Paragraph C. Who Is An Insured** is replaced by the following:

**C. Who Is An Insured**

If you are designated in the Declarations as:

**1.**  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**2.**  A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

**3.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

COMPLAINT FOR DECLARATORY JUDGMENT - 22

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**4.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[…]

**E.** For the purposes of this endorsement, Condition **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit** of the **Liability And Medical Expenses General Conditions** is replaced by the following:

**2. Duties In The Event Of Injury, Claim Or Suit**

**a.** You must see to it that we or our agent is notified as soon as practicable of a "bodily injury by accident" or "bodily injury by disease" which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "bodily injury by accident" or "bodily injury by disease" took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the injury, claim, proceeding or "suit";

COMPLAINT FOR DECLARATORY JUDGMENT - 23

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us and assist us, as we may request, in the investigation or settlement of the claim or defense against the "suit";

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply; and

**(5)** Do nothing after an injury occurs that would interfere with our right to recover from others.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

**F.** For the purposes of this endorsement, **Paragraph 4. of the Liability And Medical Expenses Definitions** section is replaced by the following:

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of the activities of a person whose home is in the territory described in a. above, but who is away for a short time on your business;

provided the insured's responsibility to pay damages is determined in the United States (including its territories and possessions), Puerto Rico or Canada, in a suit on the merits according to the substantive law in such territory, or in a settlement we agree to.

**G.** The following are added to the **Liability And Medical Expenses Definitions** section:

COMPLAINT FOR DECLARATORY JUDGMENT - 24

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**1.** "Workers' compensation law" means the Workers' Compensation Law and any Occupational Disease Law of Washington. This does not include provisions of any law providing nonoccupational disability benefits.

**2.** "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident. A disease is not "bodily injury by accident" unless it results directly from "bodily injury by accident".

**3.** "Bodily injury by disease" means a disease sustained by a person, including death. "Bodily injury by disease" does not include a disease that results directly from an accident.

**H.** For the purposes of this endorsement, the definition of "bodily injury" does not apply.

44. Finally, the Policy contains the following endorsement, Form BP 06 12 11 13, which provides for reimbursement of certain defense costs, as follows:

### WASHINGTON CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following applies to any provision in this Policy, or in any endorsement attached to this Policy, that sets forth a duty to defend:

If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

**C.** **Midvale Agreed to Defend the Underlying Defendants Under a Full Reservation of Rights**

45. The Amended Complaint was tendered to Midvale in July 2022 – the first time Midvale became aware of the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 25

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

46.     Midvale promptly acknowledged the receipt of the tender of defense and opened an investigation.

47.     Midvale retained counsel to defend Underlying Defendants, as reflected in Midvale's letter dated September 28, 2022, because Midvale could not determine the relationship, if any, between the various entities and its named insured. Attached as **Exhibit C** is a copy of Midvale's September 28, 2022 reservation of rights letter.

## IV.     FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT WHO IS AN INSURED

48.     Midvale realleges each of the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     The "Who Is an Insured" section of the Policy identifies the individual and entities that may qualify as an insured under the Policy.

50.     While the Underlying Lawsuit contains allegations as to the relationships between Underlying Defendants and The Pride Group, the only named insured is "The Pride Group."

51.     Based on the allegations in the Underling Lawsuit, Midvale is entitled to declaratory judgment that Underlying Defendants do not qualify as insureds under the Policy, and as such, Midvale owes no duty to defend and/or indemnify them with regards to the Underlying Lawsuit.

## V.     SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT "BODILY INJURY"

52.     Midvale realleges each of the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 26

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

53.     The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

54.     Claimant does not allege any bodily injury, sickness or disease arising out of any of the Underlying Defendants' actions.

55.     Instead, Claimant's claims against Underlying Defendants arise out of nonaccidental conduct and/or seek uncovered relief, such as contract damages, statutory damages, attorney fees, or injunctive and equitable relief.

56.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify the Underlying Defendants with regards to the Underlying Lawsuit because there is no "bodily injury" alleged.

## VI.     THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT "PROPERTY DAMAGE"

57.     Midvale realleges each of the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     The Policy defines "property damage" as "physical injury to tangible property…" or "loss of use of tangible property that is not physically injured."

59.     The Underlying Complaint does not allege any physical injury to tangible property or loss of use in the Underlying Lawsuit.

60.     Instead, Claimant's claims against Underlying Defendants arise out of nonaccidental conduct and/or seek uncovered relief, such as contract damages, statutory damages, attorney fees, or injunctive and equitable relief.

COMPLAINT FOR DECLARATORY JUDGMENT - 27

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

61.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify the Underlying Defendants with regards to the Underlying Lawsuit because there is no "property damage" alleged.

## VII.     FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT "OCCURRENCE"

62.     Midvale realleges each of the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     The Policy defines an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

64.     Instead, Claimant's claims against Underlying Defendants arise out of nonaccidental conduct and/or seek uncovered relief, such as contract damages, statutory damages, attorney fees, or injunctive and equitable relief.

65.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify the Underlying Defendants with regards to the Underlying Lawsuit because there is no "occurrence" alleged.

## VIII.     FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT "PERSONAL AND ADVERTISING INJURY"

66.     Midvale realleges each of the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     The Policy provides coverage for "personal and advertising injury", which is defined as injury, including consequential "bodily injury", arising out of one or more of the following offenses: … (d) oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or

COMPLAINT FOR DECLARATORY JUDGMENT - 28

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

services; (e) oral or written publication, in any manner, of material that violates a person's right of privacy…

68.     While the allegations regarding defamation and invasion of privacy – false light may fall within the definition of "personal and advertising injury", the Policy also contains exclusions for "personal or advertising injury" that: (1) was "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'", and (2) "arises out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

69.     Claimant alleges that Underlying Defendants defamed and invaded Claimant's privacy and placed her in a false light by falsely claiming that Claimant stole and/or destroyed CPride's property and sexually harassed CPride's employee.

70.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action for conduct that do not allege "personal and advertising injury" or that are otherwise excluded from coverage under the above-referenced exclusions relating to any alleged "personal and advertising injury."

### IX.     SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT EXPECTED OR INTENDED INJURY EXCLUSION

71.     Midvale realleges each of the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     The Policy precludes coverage for "property damage" or "bodily injury' that is expected or intended by the "insured."

COMPLAINT FOR DECLARATORY JUDGMENT - 29

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

73.     The Underlying Lawsuit alleges that the Underlying Defendants failed to make certain payments for wages and bonuses, causing an expected or intended injury to the Claimant in lack of receipt of the same wages and bonuses.

74.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that fall under the above exclusion.

## X.     SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT CONTRACTUAL LIABILITY EXCLUSION

75.     Midvale realleges each of the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     The Policy precludes coverage for "bodily injury" or "property damage" for which the insured is obligated to pay damaged by reason of the assumption of liability in a contract or agreement.

77.     The Underlying Lawsuit alleges breach of the employment contract with Claimant, including failure to pay contractually-agreed upon salary and bonuses.

78.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that fall under the above exclusion.

## XI.     EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT WORKERS COMPENSATION AND SIMILAR LAWS

COMPLAINT FOR DECLARATORY JUDGMENT - 30

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

79. Midvale realleges each of the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80. The Policy excludes coverage for the name insured's obligations under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

81. Claimant alleges in the Underlying Lawsuit that Underlying Defendants failed to pay minimum wage, contractually agreed upon salary and bonuses, and overtime wages.

82. Claimant also alleges that Underlying Defendants retaliated against her for asserting a wage claim.

83. Claimant further alleges that Underlying Defendants failed to maintain Washington State Workers' Compensations accounts.

84. Claimant further alleges that Underlying Defendants failed to prepare, keep, and provide employees with employee records, failed to post notice of wage rights, denied employment benefits, and wrongfully terminated Claimant.

85. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that fall under the Workers Compensation and Similar Laws exclusion.

**XII.   NINETH CAUSE OF ACTION: DECLARATORY JUDGMENT EMPLOYER'S LIABILITY**

86. Midvale realleges each of the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 31

87. The Policy excludes coverage for bodily injury to an "employee" of an insured arising out of and in the course of employment or of performing duties related to the conduct of the insured's business.

88. Claimant alleges that she was an employee of the Underlying Defendants, and each cause of action arise out of and in the course of this employment.

89. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that fall under the Employer's Liability exclusion.

## XIII.   TENTH CAUSE OF ACTION: DECLARATORY JUDGMENT ENDORSEMENT ADDING ADDITIONAL EXCLUSIONS TO BUSINESS LIABILITY

90. Midvale realleges each of the allegations contained in Paragraphs 1 through 89 as if fully set forth herein.

91. The Policy via the endorsement, Form BP 04 60 01 10, excludes coverage for "bodily injury" and "personal and advertising injury" to a person arising out of (a) refusal to employ that person, (b) termination of that person's employment, or (c) employment related practices, policies, acts or omissions.

92. Claimant alleges several causes of action, including wrongful termination and retaliation, that arise out of termination and other employment-related practices.

93. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants in the Underlying Lawsuit for any causes of action that fall under this endorsement's exclusions.

COMPLAINT FOR DECLARATORY JUDGMENT - 32

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**XIV.   ELEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – "BODILY INJURY BY ACCIDENT"**

94.     Midvale realleges each of the allegations contained in Paragraphs 1 through 89 as if fully set forth herein.

95.     The Policy provides "Coverage – Stop Gap – Employer's Liability" via endorsement form BP 06 74 07 13 (the "Stop Gap").

96.     However, this additional coverage only applies to "bodily injury by accident."

97.     "Bodily injury by accident" means bodily injury, sickness or disease sustained by a person, including death, resulting from an accident.

98.     The Claimant does not allege any bodily injury, sickness or disease as a result of any of the Underlying Defendants' actions.

99.     Instead, the Claimant's claims against Underlying Defendants arise out of nonaccidental conduct and/or seek uncovered relief, such as contract damages, statutory damages, attorney fees, or injunctive and equitable relief.

100.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit because there is no "bodily injury by accident" alleged.

**XV.   TWELFTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – WORKERS COMPENSATION POLICY REQUIRED**

101.    Midvale realleges each of the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 33

102.    The Stop Gap provides that this "insurance applies to 'bodily injury by accident' or 'bodily injury by disease' only if" the "employee" was at the time of the injury covered under a workers' compensation policy and subject to a "workers' compensation law" of Washington.

103.    The Claimant alleges that  CPride and Pride NW did not have Washington State Workers' Compensation accounts during their operation and during Claimant's employment.

104.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit because Underlying Defendants did not have the required workers' compensation policies.

## XVI.    THIRTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – INTENTIONAL INJURY EXCLUSION

105.    Midvale realleges each of the allegations contained in Paragraphs 1 through 104 as if fully set forth herein.

106.    The Stop Gap precludes coverage for "bodily injury by accident" that is intentionally caused or aggravated by the named insured or that results from an act which is determined to have been committed by the named insured if it reasonable to believe that an in injury is substantially certain to occur.

107.    Claimant's claims against Underlying Defendants arise out of intentional, nonaccidental conduct and/or seek uncovered relief, such as contract damages, statutory damages, attorney fees, or injunctive and equitable relief.

108.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants

COMPLAINT FOR DECLARATORY JUDGMENT - 34

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

with regards to the Underlying Lawsuit for any cause of action and/or for conduct that falls under the above exclusion.

### XVII.  <u>FOURTEENTH CAUSE OF ACTION</u>: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – FINES OR PENALTIES EXCLUSION

109. Midvale realleges each of the allegations contained in Paragraphs 1 through 108 as if fully set forth herein.

110. The Stop Gap precludes coverage for any assessment, penalty or fine levied by any regulatory inspection agency or authority.

111. Claimant requests any judgment received in the Underlying Lawsuit be mailed to the City of Seattle Office of Labor, the Washington State Department of Labor, and the US Department of Labor.

112. Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that (1) it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion and (2) to the extent that any of these agencies or authorities then levy assessments, penalties, or fines, coverage for the same is precluded by this exclusion.

### XVIII. <u>FIFTEENTH CAUSE OF ACTION</u>: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – STATUTORY VIOLATION EXCLUSION

113. Midvale realleges each of the allegations contained in Paragraphs 1 through 112 as if fully set forth herein.

114. The Stop Gap precludes coverage for any statutory obligation owed by the named insured under a workers' compensation, disability benefits or unemployment compensation law or other similar law.

COMPLAINT FOR DECLARATORY JUDGMENT - 35

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

115.    Nearly each of Claimant's causes of action involve a statutory obligation and/or arise under a workers' compensation, disability benefit, and or unemployment compensation law or other similar law.

116.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

## XIX.   SIXTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – CONTRACTUAL LIABILITY EXCLUSION

117.    Midvale realleges each of the allegations contained in Paragraphs 1 through 117 as if fully set forth herein.

118.    The Stop Gap precludes coverage for any liability assumed under any contract or agreement.

119.    Claimant alleges that Underlying Defendants fails to issue contractually negotiated payments and bonuses.

120.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

## XX.   SEVENTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – VIOLATION OF LAW EXCLUSION

121.    Midvale realleges each of the allegations contained in Paragraphs 1 through 120 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 36

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

122.    The Stop Gap precludes coverage for "bodily injury by accident" suffered or caused by any employee while employed in violation of law with actual knowledge.

123.    Claimant alleges in the Underlying Complaint that Underlying Defendants knowingly violated numerous statutes and other laws.

124.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

## XXI.   EIGTHEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – VIOLATION OF LAW EXCLUSION

125.    Midvale realleges each of the allegations contained in Paragraphs 1 through 124 as if fully set forth herein.

126.    The Stop Gap precludes coverage for damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee", or arising out of other employment or personnel decisions concerning the insured.

127.    Claimant alleges that the Underlying Defendants defamed her, invaded her privacy by putting her in a false life, wrongfully terminating her, and retaliated against her for asserting a wage claim.

128.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 37

## XXII.  NINETEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – TERMINATION, COERCION OR DISCRIMINATIONS EXCLUSION

129.    Midvale realleges each of the allegations contained in Paragraphs 1 through 128 as if fully set forth herein.

130.    The Stop Gap precludes coverage for "bodily injury by accident" to an employee when the insured in deprived of common law defense or other penalties because of the insured's failure to secure obligations or other failure to comply with any "workers' compensation law."

131.    Nearly each of Claimant's causes of action arise under a workers' compensation law.

132.    Claimant also alleges that Underlying Defendants failed to maintain Washington State Workers' Compensations accounts.

133.     Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

## XXIII. TWENTIETH CAUSE OF ACTION: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – FAILURE TO COMPLY WITH WORKERS' COMPENSATION LAW EXCLUSION

134.    Midvale realleges each of the allegations contained in Paragraphs 1 through 133 as if fully set forth herein.

135.    The Stop Gap precludes coverage for any premium, assessment, penalty, fine, benefit, liability or other obligation imposed or granted pursuant to any federal workers' compensation, unemployment compensation or disability laws or any similar law.

COMPLAINT FOR DECLARATORY JUDGMENT - 38

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

136.    Claimant requests relief for certain causes of action that arise under federal workers' compensation, unemployment compensation or disability laws or any similar law for

137.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

### XXIV. <u>TWENTY-FIRST CAUSE OF ACTION</u>: DECLARATORY JUDGMENT STOP GAP – EMPLOYER'S LIABILITY – FEDERAL LAWS EXCLUSION

138.    Midvale realleges each of the allegations contained in Paragraphs 1 through 137 as if fully set forth herein.

139.    The Stop Gap precludes coverage for multiple, exemplary, or punitive damages.

140.    Claimant requests multiple, exemplary, or punitive damages for nearly each of the causes of action, including: (1) failure to pay minimum wage; (2) failure to pay contractually-agreed upon salary; (3) failure to pay overtime wages; (4) failure to pay contractually-agreed upon bonuses; (5) failure to pay wages on the application of the doctrine "application of payments" to ongoing wage debt; (6) retaliation for asserting a wage claim; (7) failure to prepare, keep, and provide employees with employee records; (8) failure to post notice of wage rights; (10) denial of employment benefits due to treatment of Claimant as independent contractor; and (11) wrongful termination.

141.    Based on the allegations in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Underlying Defendants with regards to the Underlying Lawsuit for any cause of action that falls under the above exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 39

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7701146.1

**XXV.  <u>TWENTY-SECOND CAUSE OF ACTION</u>: DECLARATORY JUDGMENT/AWARD OF ATTORNEY FEES – DEFENSE COST REIMBURSEMENT**

142.    Midvale realleges each of the allegations contained in Paragraphs 1 through 141 as if set forth fully herein.

143.    The Policy contains a provision that provides Midvale with the right to reimbursement of defense costs that it incurs in the defense of the Underlying Defendants if Midvale initially defends a claim and it is later determined that none of the claims were covered by the Policy.

144.    The Policy provides that this right to reimbursement applies to the costs Midvale incurs after it notifies the Underlying Defendants that it will defend them under a reservation of rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

145.    Midvale agreed to defend the Underlying Defendants in the Underlying Lawsuit under a reservation of rights.

146.    Midvale issued the reservation of rights letter to the Underlying Defendants on September 28, 2022.

147.    In the event that the Court finds that Midvale owes no duty to defend the Underlying Defendants in the Underlying Lawsuit, Midvale is entitled to declaratory judgment that it has the right to seek reimbursement of all defense costs incurred after September 28, 2022 under the Policy, and is entitled to an entry of such an award and judgment against the Underlying Defendants.

148.    A justiciable controversy exists between Midvale and the Defendants with regard to defense and indemnity coverage to the Underlying Defendants under the Policy for the claims alleged in the Underlying Lawsuit.

## XV.    PRAYER FOR RELIEF

Midvale prays for the following relief:

COMPLAINT FOR DECLARATORY JUDGMENT - 40

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1.  Declaratory judgment that it owes no duty to defend and/or indemnify any of the Underlying Defendants from the claims alleged in the Underlying Lawsuit under one or more of the Counts alleged therein;

2.  For attorneys' fees and costs allowed by statute and/or applicable law; and

3.  Such other and further relief as the Court deems just and equitable.

DATED this 10th day of February, 2023.

*s/Eliot M. Harris*
Eliot M. Harris, WSBA #36590
*s/Joseph A. Toups*
Joseph A. Toups, WSBA #57024
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: eharris@williamskastner.com
Email: jtoups@williamskastner.com

***Attorneys for Plaintiff Midvale Indemnity Company***

COMPLAINT FOR DECLARATORY JUDGMENT - 41